[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
James J. Nixon, Esq., Defense Counsel, for Petitioner.
Juliett Crawford, Esq., Assistant State's Attorney for the State.
BY THE DIVISION CT Page 9332
After being convicted by way of a jury trial of eight counts of sexual assault in the second degree, Gen. Stat. Sec.53a-71 (a)(1), and eight counts of risk of injury to a minor, Gen. Stat. Sec. 53-21, the petitioner received a sentence of seven (7) years on each count consecutive to one another for a total effective sentence of 112 years. When one of the risk of injury counts was set aside by the Appellate Court, the sentence was dropped to 105 years.
The convictions evolved around a series of sexual acts in which 12 and 13 year old boys were paid money and given alcohol and drugs by the defendant to participate.
The petitioner asks us to use the request by the state for 40 years as the benchmark for his sentence, pointing out that each count would translate to a state-requested two and one-half (2 1/2) years. Petitioner argues that a sentence of one (1) year consecutive on each count would result in a "more rational" total effective sentence of fifteen (15) years.
The Assistant State's Attorney emphasized the "Faganesque" character of the petitioner. He preyed on eight to twelve year old boys and used marijuana and alcohol to gain control over his victims. The petitioner's prior record includes Pennsylvania convictions for murder in the second degree, violation of probation and theft. The state urges us to conclude that rehabilitation is non-existent for this man and that he has no positive contributions he can make to society, thus requiring his removal and long term placement in a correctional facility. In addition, the long term affects on the victims should be considered.
His mental limitations are probably the most significant feature of the petitioner's profile. He had been under in-patient psychiatric treatment in Puerto Rico in 1965 and in Pennsylvania in 1977. A psychiatric evaluation was completed in 1971 when he was found competent to stand trial for murder, although he was diagnosed as having some organic brain damage. His efforts to be committed to a mental institution after his conviction in this case were to no avail and the presentence investigation states he gives the impression of "a highly agitated, angry, manipulative individual of extremely limited CT Page 9333 mental and emotional resources."
In this case, the petitioner's actions were those of a wily pedophile who seized opportunity by inveigling young boys of tender age to come to his apartment to drink alcohol and smoke marijuana. Thus lured, the two victims in this case were assaulted on at least eight occasions. (Interestingly, he claims to have been a "victim of circumstances" in this case, the same phrase he used in denying his guilt in the Pennsylvania theft case.) His mental limitations have not inhibited his ability to function as a predator of a particularly vulnerable class of people.
Having made these observations regarding the offenses, the effect on the victims and the petitioner's criminal record, nevertheless, we conclude the consecutive sentences imposed were excessive and that the request for a modification is in order.
Accordingly, the petitioner's sentence is hereby modified to eight (8) years on each count of sexual assault in the second degree, consecutive to each other, and eight (8) years on each of the seven counts of risk of injury, consecutive to each other but concurrent with the first eight counts for a total effective sentence of sixty-four (64) years. The matter is referred to the Superior Court for the Judicial District of New Haven for resentencing.
Stanley, J.
Klaczak, J.
Norko, J.
Stanley, Klaczak and Norko, J.s, participated in this decision.